Kathryn Rosen, WSBA #29465
katierosen@dwt.com
John Hodges-Howell, WSBA #42151
johnhodgeshowell@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
(206) 622-3150 Telephone
(206) 757-7700 Facsimile

Paula Lehmann, WSBA #20678
paulalehmann@dwt.com
Devin Smith, WSBA #42219
devinsmith@dwt.com
DAVIS WRIGHT TREMAINE LLP
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
(425) 646-6100 Telephone
(425) 646-6199 Facsimile

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT YAKIMA

| | |
|---|---|
| SYLVIA KELLER, DEBBIE SILLS, and SANDY GAYTAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGINIA MASON MEDICAL CENTER, a Washington non-profit corporation doing business as Virginia Mason Memorial,<br><br>Defendant. | No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**[Clerk's Action Required]** |

NOTICE OF REMOVAL - 1
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

TO: United States District Court for the Eastern District of Washington at Yakima

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Yakima Valley Memorial Hospital Association d/b/a Virginia Mason Memorial ("Defendant" or "Memorial")[1] hereby removes this action from the Superior Court of the State of Washington, Yakima County ("Yakima County Superior Court") to the United States District Court for the Eastern District of Washington at Yakima.

In support of this notice, Defendant states as follows:

1. On January 15, 2020, Plaintiffs Sylvia Keller, Debbie Sills, and Sandy Gaytan ("Plaintiffs") filed a putative Class Action Complaint in Yakima County Superior Court, cause number 20-2-00170-39.

2. On January 27, 2020, Plaintiffs completed service of the Summons and Complaint on Virginia Mason Medical Center—which is not the correct corporate entity defendant in this action. A true and correct copy of Plaintiffs' Declaration of Service and Summons and Complaint are attached as **Exhibit A**.

---

[1] Plaintiffs' pleadings erroneously identify Virginia Mason Medical Center as the defendant in this lawsuit. By filing this Notice of Removal and associated papers, Memorial does not waive (and explicitly reserves) the right to assert any defenses regarding Plaintiffs' failure to name the correct defendant.

NOTICE OF REMOVAL - 2
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

### I. DEFENDANT MEMORIAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. The Complaint asserts putative class claims for alleged wage and hour violations. This Notice of Removal is timely as it is being filed within 30 days of service of Plaintiffs' Class Action Complaint, regardless of the fact that Plaintiffs served and named the incorrect defendant.

4. Defendant has not yet filed an Answer, but will respond in compliance with the deadline set forth in Fed. R. Civ. P 81(c)(2).

5. Venue is proper in the Eastern District of Washington at Yakima because the claim arose in Yakima County, Washington. *See* 28 U.S.C. § 1441(a).

6. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are being concurrently filed today, along with all process, pleadings, and orders filed in the state court action.

7. Notice of this removal will be given to Plaintiffs and the Superior Court pursuant to 28 U.S.C. § 1446(d).

### II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

8. Removal is proper based on federal question jurisdiction arising under 28 U.S.C §1331, even though Plaintiffs' Complaint styles its claims as arising under state law.

NOTICE OF REMOVAL - 3
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

9. "Under the well-pleaded complaint rule, a district court has federal question jurisdiction if 'a federal question is presented on the face of the plaintiffs' properly pleaded complaint.'" *DeSantiago v. Laborers Int'l Union, Local No. 1140*, 914 F.2d 125, 127 (8th Cir. 1990) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also People of the State of California v. Dynegy*, 375 F.3d 831, 838 (9th Cir. 2004) (same).

10. The doctrine of complete preemption is recognized as an exception to the "well-pleaded complaint rule." *Beneficial Natl Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("*Beneficial*"). "The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.; see also Beneficial,* 539 U.S. at 8 ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law").

11. The interpretation and enforcement of Collective Bargaining Agreements ("CBAs") require scrutiny under federal law. Section 301 of the

NOTICE OF REMOVAL - 4
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

Labor Management Relations Act ("LMRA") compels that "suits for violation of contract between an employer and a labor organization representing employees … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Because federal law governs actions concerning the interpretation and enforcement of CBAs, the Supreme Court has found that ***Section 301 "completely preempts" all state law claims that are based upon or require interpretation of a CBA***. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (emphasis added); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968); *Local 174, Teamsters, etc. v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962); *Beals v. Kiewit Pac. Co.*, 114 F.3d 892, 894 (9th Cir. 1997); *Lopez v. Cont'l Can Co.*, 961 F.2d 147, 148-49 (9th Cir. 1992). This is so even where the complaint disclaims any reliance on a CBA. If the claim arises out of a CBA, the complaint must be recharacterized as a Section 301 suit. *See Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984). Thus, "[a] claim pleaded under state law that requires the interpretation of a [CBA] is transformed by § 301 of the LMRA into a claim arising under federal law." *Rissetto v Plumbers & Steamfitters Local 343*, 94 F.3d 597, 599 (9th Cir. 1996); *see also Schuver v. Midamerican Energy Co.*, 154 F.3d 795, 798-99 (8th Cir. 1998)

NOTICE OF REMOVAL - 5
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

(affirming denial of motion to remand when defendant asserted federal question jurisdiction under Section 301); *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2nd Cir. 2003) (affirming removal because "unusual pre-emptive power" accorded under section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim) (internal quotations omitted).

12. Here, Plaintiffs allege in Count 1 that Memorial violated the Washington Minimum Wage Act, chapter 49.46 RCW, by failing to pay wages owed, including overtime, for time spent donning and doffing surgical attire. Compl. ¶¶ 6.6-6.10. At minimum, Plaintiffs seek relief in the form of alleged back wages and overtime, less any amount Memorial already paid the employees, interest, and attorneys' fees, along with declaratory and injunctive relief. *Id*. ¶¶ 6.4, 6.10; *see also* RCW 49.46.090.

13. Plaintiffs allege in Count 2 that Memorial's alleged improper withholding of wages also violated the Wage Rebate Act, chapter 49.52 RCW. *Id*. ¶¶ 7.1-7.6. Plaintiffs seek relief for this claim in the form of alleged double damages, costs, and attorneys' fees. *Id*. ¶ 7.6.

14. All three Plaintiffs in this action work in positions that are covered by Collective Bargaining Agreements between Memorial and Service Employees International Union Healthcare 1199NW ("SEIU 1199"). Accordingly, all three

NOTICE OF REMOVAL - 6
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

Plaintiffs are represented by a labor union. Various CBAs govern the terms and conditions of each Plaintiff's employment including, without limitation, the instant claims for alleged wage violations and Plaintiffs' ability to recover damages in this lawsuit. SEIU 1199 is the exclusive collective bargaining representative for all registered nurses at Memorial. SEIU 1199 is also the exclusive collective bargaining representative for all full-time, part-time, per diem, occasional, and available service unit employees at Memorial. Plaintiffs Sylvia Keller and Sandy Gaytan are members of the nurse bargaining unit, and Plaintiff Debbie Sills is a member of the service employee bargaining unit. A true and correct copy of the nurses' CBA in effect at all times relevant to this proceeding is attached hereto as **Exhibit B**. A true and correct copy of the service employees' CBA in effect at all times relevant to this proceeding is attached hereto as **Exhibit C**.

15. Both CBAs contain numerous, detailed provisions pertaining to wages, premium pay, shift differentials, hours of work, shift lengths, and hours compensated. *See, e.g.,* Nurses' CBA Articles 6, 7, and 8 *and* Service CBA Articles 5, 6, and 7. The CBAs also provide for overtime in excess of what state law requires. *Compare, e.g.,* Nurses' CBA Article 6.9 (allowing for daily overtime) *with* RCW 49.46.130 (requiring overtime only after 40 hours in the workweek).

NOTICE OF REMOVAL - 7
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

16. Further, past practices, such as donning and doffing surgical attire and Memorial's policy of rounding all hours worked to the nearest 15 minutes, *see* Compl. ¶ 5.4, are incorporated into the CBAs as implied terms. These implied terms bear on Plaintiffs' claims. *See, e.g., Hawaii Teamsters and Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1181 (9th Cir. 2001) ("the 'industrial common law' … 'is equally a part of the collective bargaining agreement although not expressed in it.'") (citations omitted); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (dispute over CBA's interpretation existed where parties filled gaps in CBA with implied terms); *see also Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 311-12 (1989) (explaining that implied provisions and past practices become part of a CBA).

17. As the foregoing demonstrates, Plaintiffs' state wage claims cannot be resolved without an in-depth examination and interpretation of the governing CBA terms (express and implied) and the past practices between Memorial and SEIU 1199. For instance, the CBAs do not specifically contemplate donning or doffing. Thus, to determine whether Memorial properly paid Plaintiffs for time spent donning and doffing surgical attire, which the Court must do to determine whether Plaintiffs (and potentially class members) are owed damages, the Court will have to scrutinize each CBA and the parties' past practices and bargaining

NOTICE OF REMOVAL - 8
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

histories to determine whether "work" as that term is used in the labor agreement includes donning and doffing activity.  If so, it must then interpret the complex compensation and overtime provisions in the CBAs along with Memorial's rounding practices (another implied term in the CBAs) to determine whether Memorial properly paid Plaintiffs and/or whether additional compensation, if any, is owed.

18. Additionally, both CBAs implicated by Plaintiffs afford more overtime than what state law requires.  Thus, to a significant extent, Plaintiffs' claims for unpaid wages arise out of the CBAs, not state law, also triggering Section 301 preemption.  *See, e.g., Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1066 (9th Cir. 2007); *Kobold* v. *Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032-33 (9th Cir. 2016); *Curry*, 2012 WL 104627 at *6; *Gonzalez* v. *Farmington Foods, Inc*., 296 F. Supp. 2d 912, 935 (N.D. Ill. 2003).  For this additional reason, Plaintiffs' claims for unpaid wages are inextricably intertwined with and substantially dependent upon the CBAs.

19. Of course, the question of whether Memorial "willfully" withheld wages (for purposes of alleged double damages) by conducting itself in accordance with bargained-for terms and conditions of work also cannot be resolved without interpreting and applying the CBAs, the parties' past practices, and implied contract terms.  *See, e.g.* Compl. ¶¶ 7.3, 7.6.

NOTICE OF REMOVAL - 9
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

20. District courts regularly assert jurisdiction over alleged state wage and hour claims based on the preemptive power of Section 301. *See, e.g., Vera*, 335 F.3d at 114 (removing state claims for wage deduction violations); *Curry v. Kraft Foods Global, Inc.*, 2012 WL 104627, *5-6 (N.D. Ill., 2012) (removing state claims for unpaid wages for donning and doffing activities); *Clee v. MVM, Inc.*, 91 F. Supp. 3d 54, 62-64 (D. Mass. 2015) (removing state wage claims for pre-shift and post-shift work); *Santiago v. Aramark Uniform and Career Apparel, LLC*, No. C 12-04462 JSW, 2012 WL 5868954, * 4 (N.D. Cal., 2012) (removing state wage claims). *Cf. Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) (state wage and hour claims preempted under Section 301); *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 109 (4th Cir. 2014) (state claims for wages owed for donning and doffing protective gear preempted by Section 301). This case is no different.

21. Indeed, Plaintiffs ***agree*** that interpretation of the relevant CBAs and past practices is required, notwithstanding Plaintiffs' efforts to plead around Section 301 in their Complaint.

22. The Nurses' CBA and the Services' CBA both contain comprehensive grievance and arbitration procedures. *See* Nurses' CBA Article 17 and Service CBA Article 16. These procedures are the sole and exclusive remedy for alleged contract violations. *See, e.g., DelCostello v. Int'l*

NOTICE OF REMOVAL - 10
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

*Broth. of Teamsters*, 462 U.S. 151, 163 (1983); *Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679, 681 (1981); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-653 (1965) (same); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 987-89 (9th Cir. 2017).

23. On January 18, 2018, Plaintiff Sylvia Keller filed a grievance on behalf of "RNs in Surgical Services and similar positions," alleging that Memorial violated the CBA by not paying nurses for all "hours worked." A true and correct copy of the grievance is attached as **Exhibit D**.

24. On April 9, 2019, Memorial and SEIU 1199 executed a settlement agreement, resolving the grievance prospectively. A true and correct copy of the settlement agreement is attached as **Exhibit E**. SEIU 1199 submitted the question of retrospective liability to binding arbitration. A true and correct copy of the arbitral award, issued in Memorial's favor, is attached as **Exhibit F**.

25. SEIU 1199's principal contention in the grievance and arbitration was virtually identical to the claims Plaintiffs assert here, *i.e.*, that Memorial improperly withheld wages for time spent donning and doffing surgical attire at the beginning and end of shifts. *See* Ex. F at 4-5. SEIU 1199 also sought substantially identical relief as Plaintiffs in this case: back pay and overtime, for both nurses and service employees. *Id*. at 5.

NOTICE OF REMOVAL - 11
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

26.  As Plaintiff Sylvia Keller's grievance and arbitration demonstrate, the instant claims cannot be resolved without deciphering the CBA terms and past practices.  Nor can they be resolved without interpreting the settlement agreement or the arbitral award, which are also incorporated into the CBA, providing an additional basis for removing this case to federal court under Section 301.  *See, e.g. Int'l Union of Operating Eng'rs, Local 351 v. Cooper Natural Res., Inc.*, 163 F.3d 916, 919 (5th Cir. 1999) (a negotiated last change agreement "must be thought of as a supplement to the CBA"); Theodore J. St. Antoine, *Judicial Review of Labor Arbitration Awards: A Second Look at Enterprise Wheel and Its Progeny,* 75 Mich. L.Rev. 1137, 1160 (1977) ("By definition, the [arbitrator's] award is the parties' stipulated, adopted contract").

27.  For the foregoing reasons, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  Both Count 1 and Count 2 of the Complaint arise under Section 301, and this action is properly removed to this Court.

### III.  THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLAIMS

23.  28 U.S.C. § 1367(a) confers upon U.S. District Courts supplemental jurisdiction over all other claims that are related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  To the extent Plaintiffs'

NOTICE OF REMOVAL - 12
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

Complaint includes such claims, this Court has supplemental jurisdiction to hear and decide all claims asserted by Plaintiffs in their Complaint.

24. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, Defendant Memorial hereby removes the above-entitled action and respectfully gives notice that the action is removed from the Yakima County Superior Court to the United States District Court for the Eastern District of Washington at Yakima.

DATED this 26th day of February, 2020.

        Davis Wright Tremaine LLP
        Attorneys for Defendant Memorial

        By */s/ Kathryn Rosen*
          Kathryn Rosen, WSBA #29465
          John Hodges-Howell, WSBA #42151
          920 Fifth Avenue, Suite 3300
          Seattle, WA 98104-1610
          Telephone: 206-622-3150
          Fax: 206-757-7700
          Email: katierosen@dwt.com
                 johnhodgeshowell@dwt.com

NOTICE OF REMOVAL - 13
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

By */s/ Devin M. Smith*
Paula Lehmann, WSBA #20678
Devin M. Smith, WSBA #42219
929 – 108th Avenue NE, Suite 1500
Bellevue, WA 98004
Phone: 425-646-6100
Fax: 425-646-6199
Email: paulalehmann@dwt.com
        devinsmith@dwt.com

NOTICE OF REMOVAL - 14
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

# CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Toby J. Marshall
Erika R. Nusser
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA  98103
tmarshall@terrellmarshall.com
enusser@terrellmarshall.com

Carson Flora
CARSON FLORA, ATTORNEY AT LAW
15 S. Grady Way, Suite 200
Renton, WA  98057-3739
carsonf@seiu1199nw.org

DATED this 26th day of February, 2020.

*Susan Bright* (signature)
_____
Susan Bright

NOTICE OF REMOVAL - 15
(No.: _____)
4829-5151-2501v.2 0107595-000032

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax