FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYLVIA KELLER, DEBBIE SILLS, and SANDY GAYTAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGINIA MASON MEDICAL CENTER, a Washington non-profit corporation doing business as Virginia Mason Memorial,<br><br>Defendant. | No.   1:20-cv-03025-SMJ<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT** |

Before the Court, without oral argument, are Plaintiffs Sylvia Keller, Debbie Sills, and Sandy Gaytan's Motion to Remand, ECF No. 9, and Defendant Virginia Mason Medical Center's Rule 12(B)(6) Motion to Dismiss, ECF No. 6. In its motion to dismiss, Defendant argues (1) this case is a collateral attack on the award from a 2019 arbitration, (2) Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and (3) Plaintiffs failed to exhaust remedies set forth in and required by a collective bargaining agreement. ECF No. 6. Plaintiffs argue their claims are not barred by the arbitration award or

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 1

preempted by the LMRA, and contend they were not required to file grievances under the contract. ECF No. 8. In their motion to remand, Plaintiffs argue that because their claims are not preempted, this Court lacks jurisdiction and the case should be remanded to the state court from which it was removed. ECF No. 9. Having reviewed the motions and the file in this matter, the Court is fully informed and finds Plaintiffs' claims are not preempted by Section 301. The Court thus lacks jurisdiction and remand is appropriate. Further, because the Court lacks subject matter jurisdiction, the Court does not consider the motion to dismiss, which is denied as moot.

## BACKGROUND

Defendant removed this action from the Yakima County Superior Court on February 26, 2020, asserting federal question jurisdiction on the basis of LMRA preemption. ECF No. 1. In the Complaint, Plaintiffs allege they were employed by Defendant, who required Plaintiffs and approximately 150 other employees, members of a putative class, to don and doff scrubs or surgical attire on Defendant's premises before and after their shifts, without compensating them for this time. ECF No. 1-1 at 9, 11–13. Plaintiffs asserted Defendant required employees to clock in no more than seven minutes before their shift and to clock out no more than seven minutes after their shift, absent explanation, but rounded the time entries for both to the nearest quarter-hour. *Id.* at 11. Plaintiffs raised two claims for relief:

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 2

(1) alleged violations of Revised Code of Washington (RCW) 49.46.090 and 49.46.130 for payment of wages less than entitled, and (2) alleged violations of RCW 49.52.050 for willful refusal to pay wages. *Id.* at 13–15.

Defendant alleges Plaintiffs belong to bargaining units of the Service Employees International Union Healthcare 1199NW ("SEIU 1199"). ECF No. 6 at 7.[1] Defendant asserts Plaintiffs each entered into a collective bargaining agreement (CBA) that govern shift lengths, schedules, hours compensated, shift differentials, and overtime. ECF No. 6 at 9. Defendant further asserts that Plaintiff Keller previously filed a grievance challenging Defendant's policies and practices regarding donning and doffing scrubs and surgical attire, which was resolved in part by a settlement agreement between Defendant and SEIU 1199. *Id.* at 10. Defendant asserts the unresolved issues, concerning back pay, were the subject of arbitration between Defendant and SEIU 1199. *Id.* at 11. The arbitrator allegedly ruled in Defendant's favor on December 27, 2019. *Id.* at 12. Defendants assert the arbitrator found Defendant's practices doffing practices were "'major condition[s]' of employment that had become established past practices and implied CBA terms," and that "SEIU 1199 failed to establish breach of contract." *Id.* at 12–13. Plaintiff's Complaint does not reference or discuss their membership in SEIU 1199, discuss

---

[1] In its response to the Motion to Remand, Defendant directs the Court to the factual background set forth in its Motion to Dismiss. ECF No. 11 at 7.

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 3

any CBA, or mention any arbitration. *See* ECF No. 1-1.

Defendant moved to dismiss, arguing this case is an impermissible collateral attack on the 2019 arbitration award, that it is preempted by Section 301 of the LMRA, and that Plaintiffs failed to exhaust contractual remedies. ECF No. 6. Plaintiffs assert the issues raised in the Complaint are not barred by the arbitration award or preempted by the LRMA and that they are not required to file grievances related to the claims raised in the Complaint. ECF No. 8. Plaintiffs moved to remand, arguing that this Court lacks jurisdiction because Plaintiffs' claims are not preempted by the LRMA. ECF No. 9.

**LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The jurisdiction of the federal courts is limited, and the party invoking the Court's jurisdiction bears the burden of establishing why it exists. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 4

Case 1:20-cv-03025-SMJ    ECF No. 13    filed 05/05/20    PageID.431    Page 5 of 9

Remand may be ordered where the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## DISCUSSION

Section 301 of the LMRA completely preempts even a complaint that contains only claims based solely on state law "when resolution of [the] state-law claim is substantially dependent upon analysis of the terms of [a collective bargaining agreement]." *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). "Once preempted, 'any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (alteration in original) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Lueck*, 471 U.S. at 211. To determine whether a claim is preempted by Section 301, the Court engages in a two-step inquiry. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). First, the Court examines whether the asserted cause of action involves a right conferred by state law independent of the collective bargaining agreement. *Id.* If the right underlying the state law claims exists independently of the collective bargaining agreement, the Court "moves to the second step, asking whether the right 'is nevertheless "substantially dependent on

analysis of a collective-bargaining agreement.""'" *Id.* at 1033 (quoting *Burnside*, 491 F.3d at 1059).

The second step "turns on 'whether the claim can be resolved by "look[ing] to" versus interpreting the collective bargaining agreement.'" *Id.* (quoting *Burnside*, 491 F.3d at 1060) (alterations in original). "If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060. In evaluating Section 301 preemption, "interpret" is "defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold*, 832 F.3d at 1033 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). Further, "[i]f the claim is plainly based on state law, § 301 pre-emption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

Defendants assert both steps of the analysis described above militate toward finding Plaintiff's claims preempted. ECF No. 11 at 10. However, Plaintiffs are claiming that Defendant violated three provisions of Washington State law: (1) failure to pay employees for all hours worked as required under the Washington Minimum Wage Act, (2) failure to pay one-half times the regular rate for hours worked in excess of forty hours, and (3) willfully depriving Plaintiffs of their wages. ECF No. 1-1 at 13–15 (alleging violations of RCW 49.46.090, 49.46.130, and 49.52.050). These claims are plainly based on alleged violations of rights conferred

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 6

by state law, not conferred by the CBA. Defendant argues that the Complaint challenges unpaid *daily* overtime under the CBA. ECF No. 11 at 11. However, this mischaracterizes the Complaint, which only challenges failure to pay overtime "during workweeks in which the total hours worked exceeded forty." ECF No. 1-1 at 14. Although daily overtime may be a right conferred by the CBA, overtime for hours worked in excess of forty hours per week is a right conferred directly by Washington law. *See* RCW 49.46.130. Further, Defendant's arguments that an analysis of these rights will necessarily involve interpretation of the CBA misunderstands the issue at step one and are more appropriately addressed at step two. Thus, the Court finds the claims raised in the Complaint involve rights conferred by state law independent of the CBA. *See Kobold*, 832 F.3d at 1032; *see also Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 2008 WL 1969732, at *1 (E.D. Wash. May 5, 2008) (finding claims under Minimum Wage Act for overtime violations were "based on a right conferred by the [Washington Minimum Wage Act], not the CBA").

      The Court next turns to the second step. Defendant argues that, to evaluate Plaintiffs' unpaid wages claim, the Court would need to determine whether donning and doffing required attire is compensable work under the CBA. ECF No. 11 at 12. However, this again misrepresents the Complaint, which discusses the statutory definition of "hours worked" as "all hours during which the employee is authorized

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 7

or required by the employer to be on duty on the employer's premises or at a prescribed work place." ECF No. 1-1 at 13. Defendant's arguments, that the Court would need to interpret potentially-conflicting CBA terms and "interpret" the extent to which the settlement agreement offsets the amount due to Plaintiffs, each attempt to inject the CBA into analysis where the CBA plays no role. ECF No. 11 at 14–15. These issues are either tangential or irrelevant to the issues raised in the Complaint. Further, Defendant's argument that Plaintiff's complaint is a collateral attack on the arbitration award is unavailing. *See* ECF No. 11 at 18. The arbitrator necessarily interpreted whether Defendant's conduct violated the terms of the CBA, whereas in this case, Plaintiffs challenge whether Defendant's conduct violated Washington statutes.

Although resolving claims under RCW 49.46.130 and 49.52.050 would require reference to the CBA to determine the amount Defendants were obligated to pay under the CBA, merely referring to the CBA does not fall within the narrow definition of "interpret" for purposes of Section 301. *See Kobold*, 832 F.3d at 1033. The Court finds that resolution of Plaintiff's claims may require looking to, but will not require interpreting, the CBA. As such, Plaintiffs' claims, which are solely Washington State law claims, are not preempted by Section 301 and therefore do not raise a federal question. Defendant's attempt to invoke federal question jurisdiction fails and remand is appropriate.

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 8

# CONCLUSION

The claims raised in the Complaint are based on rights conferred by Washington State law, and the resolution of those claims will involve looking to, but not interpreting, the CBA. Thus, Plaintiff's state law claims are not preempted by Section 301 of the LMRA, this Court lacks subject matter jurisdiction over the Complaint, and remand is appropriate. Because the Court lacks jurisdiction over this action, it does not review the Motion to Dismiss, which is denied as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand, **ECF No. 9**, is **GRANTED**.

2. Defendant's Motion to Dismiss, **ECF No. 6**, is **DENIED AS MOOT**.

3. This matter is **REMANDED** to Yakima County Superior Court, Case No. 20-2-00170-39, for further proceedings.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and a certified copy to the Clerk of the Superior Court of the State of Washington for Yakima County, Case No. 20-2-00170-39.

**DATED** this 5th day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT – 9